IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-10757

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRADY LEE WIKE, JR.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(1:94-CV-150-C)

February 22, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Grady Lee Wike, Jr., a federal prisoner, appeals the district court's denial of his motion for relief under 28 U.S.C. § 2255, in which he argues that he received ineffective assistance of counsel at sentencing. We affirm.

Wike pleaded guilty to possession with intent to distribute 100 grams or more of methamphetamine, and was sentenced to a term of 120 months in prison to be followed by four years of supervised release. In seeking relief under 28 U.S.C. § 2255, Wike alleges

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

that his trial counsel failed to require the Government to prove at sentencing that Wike was in possession of d-methamphetamine rather than l-methamphetamine.  Wike contends that this failure prejudiced him at sentencing, since he would have been sentenced under a lower guideline range if the methamphetamine involved was type l.

Even assuming that Wike's counsel performed deficiently in failing to address the distinction between d- and l-methamphetamine at his sentencing, we conclude that Wike was not prejudiced because Wike has not alleged that he did in fact possess l-methamphetamine. See United States v. Dickey, No. 94-10984, slip op. 6 (5th Cir. June 15, 1995) (finding no prejudice in absence of allegation that methamphetamine involved actually was type l); United States v. Devine, No. 95-50183, slip op. 3 (5th Cir. Aug. 30, 1995) (same). Though a remand may sometimes be appropriate to allow a defendant to present specific evidence of prejudice to support a conclusory allegation that the methamphetamine involved was type l rather than type d, see United States v. Acklen, 47 F.3d 739, 743-44 (5th Cir. 1995), the absence of any such allegation here renders a remand inappropriate, particularly given the facts of this case.  Indeed, the record evidence indicates that the methamphetamine involved in Wike's offense was type d, since the arresting agents testified that Wike exhibited signs of physiological impairment at the time of his arrest, which is characteristic of d-methamphetamine rather than l-methamphetamine, and Wike admitted ingesting the drug earlier in the day.

Wike also contends that the district court committed plain error in sentencing him under the harsher guidelines without proof that the methamphetamine involved was type d rather than type l. We agree with the lower courts that this sentencing claim is not cognizable in a § 2255 motion.  See <u>United States v. Seyfert</u>, 67 F.3d 544, 546 (5th Cir. 1995).

AFFIRMED.